UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DENZEL SAMONTA RIVERS,

        Plaintiff,

v.                                      Case No. 17-cv-1458-pp

DR. MARTHA BREEN-SMITH,

        Defendant.

---

**DECISION AND ORDER DENYING THE PLAINTIFF'S MOTION CHALLENGING THE SUFFICIENCY OF AN ANSWER OR OBJECTION (DKT. NO. 32), GRANTING THE PLAINTIFF'S MOTION TO WITHDRAW MOTION TO COMPEL INTERROGATORIES AND ADMISSIONS (DKT. NO. 33), DENYING THE PLAINTIFF'S MOTION TO COMPEL DISCOVERY INTERROGATORIES (DKT. NO. 34), DENYING THE PLAINTIFF'S MOTION CAPTIONED "MOTION CHALLENGING SUFFICIENCY OF AN ANSWER OR OBJECTION TO AN ADMISSION" (DKT. NO. 35), DENYING THE PLAINTIFF'S MOTION TO COMPEL DISCOVERY ADMISSIONS (DKT. NO. 36), DENYING THE PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME OF DISCOVERY (DKT. NO. 38), DENYING THE PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DISCOVERY (DKT. NO. 40), DENYING THE PLAINTIFF'S MOTION CAPTIONED "MOTION CHALLENGING SUFFICIENCY OF AN OBJECTION TO PRODUCTION OF DOCUMENTS," (DKT. NO. 41) AND DEEMING WITHDRAWN THE PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY (DKT. NOS. 30, 31)**

---

        In the last forty-five days, the plaintiff has filed ten motions involving his discovery requests. Dkt. Nos. 30-38, 40-41. This decision and order resolves the pending motions.

        On April 18, 2018, the plaintiff submitted a request for interrogatories and admissions. See Dkt. Nos. 30-31. The plaintiff did not receive responses to his requests, so on May 22, 2018 and May 23, 2018, he filed a motion to compel discovery interrogatories, dkt. no. 30, and a motion to compel discovery

1

admissions, dkt. no. 31. About a week later, on May 29, 2018, he filed a motion to withdraw his motions to compel interrogatories and admissions, dkt. no. 33, explaining that on May 21, 2018, the defendants had responded to his requests, but that he did not receive them until May 23, 2018. The court will grant the plaintiff's motion to withdraw his motions to compel interrogatories and admissions.

The plaintiff then filed two motions captioned "motion challenging the sufficiency of an answer or objection." Dkt. Nos. 32, 35. The plaintiff explains that in the defendants' response to his discovery requests (the ones discussed above), they "objected" to his interrogatories and admissions and refused to answer because the plaintiff had failed to exhaust administrative remedies. Id. The plaintiff attaches evidence showing that he was in "observation status" after the incident that gave rise to the complaint, and thus that he couldn't take advantage of his administrative remedies because he was "stripped of everything." See Dkt. No. 32-1; Dkt. No. 35-1. He states that he filed an inmate complaint as soon as he was released from observation status, but that the Inmate Complaint Examiner "rejected" it as untimely. Dkt. Nos. 32, 35. The plaintiff explains that he appealed the rejection through the proper channels, and that he has fully exhausted administrative remedies. Id. The plaintiff then re-filed his motion to compel discovery interrogatories, dkt. no. 34, and his motion to compel discovery admissions, dkt. no. 36. He asks the court to order the defendants to answer his interrogatories and admissions.

On June 18, 2018, the defendants filed a response, indicating that they plan to file a motion for summary judgment based on the plaintiff's failure to exhaust administrative remedies. Dkt. No. 37. The defendants assert that the plaintiff will have an opportunity to respond to the merits of the exhaustion argument though summary judgment briefing rather than through discovery motions. The same day, the court received a motion from the plaintiff, asking the court to extend the discovery deadline given that the defendants have not responded to his discovery requests. Dkt. No. 38. The plaintiff also replied to the defendants' response, again arguing that he had a reason for the timing his pursuit of administrative remedies. Dkt. No. 39. On June 25, the court received from the plaintiff a motion to compel discovery of several categories of documents; he does not explain whether he has asked the defendants for these documents through a properly-served request for production. Dkt. No. 40. Finally, on July 5, 2018, the court received from the plaintiff another motion challenging sufficiency of an objection to production of documents; as far as the court can tell, the plaintiff is asserting that the defendants have objected to producing the documents he described in his June 25, 2018 motion. Dkt. No. 41.

Because the defendants are planning to file a motion for summary judgment alleging that the plaintiff did not exhaust administrative remedies, the court will stay the discovery deadline pending resolution of that motion. See Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008) ("We emphasize that in the ordinary case discovery with respect to the merits should be deferred until

the issue of exhaustion is resolved."). If the complaint survives the defendants' motion for summary judgment based on exhaustion, the court will reset the discovery deadlines.

The court notes that the plaintiff has alleged that the defendants have not stated any facts in support of their claim that he did not exhaust his administrative remedies. See, *e.g.*, Dkt. No. 41. That is what the motion for summary judgment is for; the defendants will provide proposed findings of fact, which will explain the facts on which they base their arguments. The court encourages the plaintiff to be patient, and to wait to see the motion for summary judgment before filing any further documents. Once the defendants file their motion for summary judgment, the plaintiff will have the opportunity to dispute any of the facts with which he disagrees, and to provide his own findings of fact.

The court **GRANTS** the plaintiff's motion to withdraw motion to compel interrogatories and admissions. Dkt. No. 33.

The court **DEEMS WITHDRAWN** the plaintiff's motion to compel discovery interrogatories, dkt. no. 30, and the plaintiff's motion to compel discovery admissions, dkt. no. 31.

The court **DENIES** without prejudice the plaintiff's motions challenging the sufficiency of an answer or objection. Dkt. Nos. 32, 35, 41.

The court **DENIES** without prejudice the plaintiff's motions to compel discovery. Dkt. Nos. 34, 36, 40.

4

The court **DENIES** the plaintiff's motion for an extension of the discovery deadline. Dkt. No. 38.

The court **STAYS** discovery pending resolution of the defendants' motion for summary judgment based on failure to exhaust administrative remedies.

Dated in Milwaukee, Wisconsin this 6th day of July, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**