UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENZEL SAMONTA RIVERS,

                Plaintiff,

v.                                  Case No. 17-cv-1458-pp

DR. MARTHA BREEN-SMITH,

                Defendant.

**ORDER DENYING THE PLAINTIFF'S MOTION
TO APPOINT COUNSEL (DKT. NO. 52) AND DENYING MOTION TO CEASE
FEDERAL FILING FEE DEDUCTIONS (DKT. NO. 53)**

Some time ago, the plaintiff filed a motion asking the court to appoint counsel to represent him, dkt. no. 52, and asking the court to order the financial department at Waupun Correctional Institution to stop deducting payments for the filing fee for this case from his institution trust account, dkt. no. 53. The court regrets that it has delayed so long in ruling on those motions, and apologizes to the parties. The court will deny both motions.

I.    **Motion to Appoint Counsel (Dkt. No. 52)**

The plaintiff stated that he can't afford to hire a lawyer; reminded the court that it allowed him to proceed without prepaying the filing fee; opined that the issues in his case are complex and will require a good deal of research (and noted that he has limited access to the law library); and indicated that he has mental health issues and currently is on medication that affects his ability to concentrate. Id.

1

In a civil case, the court has discretion to recruit a lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013). The litigant must first make reasonable efforts to hire private counsel on his own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). Once the plaintiff makes reasonable attempts to hire counsel, the court then decides "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). The court looks not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id. "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

The court will not appoint counsel for the plaintiff right now. So far, the plaintiff's filings have been clear and the court has been able to understand them. He was able to get information through discovery demands. He has been responding to the defendant's summary judgment filings—in fact, he has been filing more documents than called for by the rules. The court understands that it would be helpful to the plaintiff to have a lawyer right now, but there are not enough volunteer lawyers to help everyone who asks for one. If any of the

plaintiff's claims survive summary judgment, the plaintiff can renew his request that the court appoint counsel for mediation and/or trial.

## II. Motion to Cease Federal Filing Fee Deductions (Dkt. No. 53)

On January 8, 2018, Judge Duffin granted the plaintiff's motion to proceed without prepaying the filing fee, and ordered him to pay the remaining balance of the fee ($343.65) as required under the statute. Dkt. No. 16. The statute—28 U.S.C. §1915(b)(2)—says:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

The plaintiff indicated that the Waupun office staff were deducting "20% from funds in [his] account that are LESS than $10.00 being state pay of $3.00 and school pay of $2.70 leaving [him] with only CENTS in [his] account preventing [him] from even ordering hygiene and writing supplies . . . ." Dkt. No. 53 at 1. He says that this forces him to ask for legal loans, which put him in even more debt. Id. He argues that it is illegal for Waupun to make deductions if he has less than $10 in his account. Id. at 1-2.

This is not the first time that a plaintiff has argued that under the language of §1915(b)(2), an institution cannot deduct anything from a prisoner's account to pay the filing feel unless he has more than $10 in his account. Judges in this district and in the Western District have rejected this argument. In Riker v. Carlson, Case No. 10-cv-906, Dkt. No. 45 at 1-2 (E.D.

3

Wis. May 25, 2012) (Goodstein, M.J.), Judge Goodstein explained that the first sentence of §1915(b)(2) requires plaintiffs to make monthly payments of 20% of the previous month's income toward the filing fee, while the second sentence, as a convenience to prison, allowed the prison to wait to send the payments to the court until the payments added up to $10.00 or more. He cited to Smith v. Huibregtse, 151 F. Supp. 2d 1040, 1042-43 (E.D. Wis. 2001), in which Magistrate Judge Gorence reached the same conclusion, and Williams v. Litscher, 115 F. Supp. 2d 989 (W.D. Wis. 2000), in which district court judge Barbara Crabb reached the same conclusion. Judge Goodstein found that the second sentence "does not relieve the prisoner of the obligation from the first sentence, which is to make monthly payments of twenty percent of the income credited to his account." Riker at p. 2. Just last year, Judge Stadtmueller said the same thing in Riley v. Franke, Case No. 17-cv-891-JPS, 2017 WL 4712222 at *2 (E.D. Wis. Oct. 18, 2017). Judge Stadtmueller found that the plaintiff's interpretation of the second sentence "would allow prisoners to avoid paying their filing fees simply by ensuring that they never have more than $10 in their accounts." Id. (citing Judge Crabb's decision in Litscher, 115 F. Supp. 2d at 991).

The judges in Wisconsin have interpreted the statute to require the institution to take 20% of the previous month's income from an inmate plaintiff's account each month until the plaintiff has paid the filing fee, but to allow the institution to wait to send in the payments until they amount to $10

4

or more. This court follows that interpretation, and will deny the plaintiff's motion.

## III. Conclusion

The court **DENIES without prejudice** the plaintiff's motion to appoint counsel. Dkt. No. 52.

The court **DENIES** the plaintiff's motion to cease federal filing fee deductions. Dkt. No. 53.

Dated in Milwaukee, Wisconsin this 6th day of December, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**

5