UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENZEL SAMONTA RIVERS,

                Plaintiff,

v.                                     Case No. 17-cv-1458-pp

DR. MARTHA BREEN-SMITH,

                Defendant.

**ORDER DENYING PLAINITFF'S MOTION OF OBJECTION TO ORDER (DKT. NO. 86) AND DENYING PLAINTIFF'S MOTIONS FOR SUBPOENAS (DKT. NOS. 89, 91)**

On June 21, 2019, Magistrate Judge William Duffin denied the plaintiff's five motions to compel because the defendant already had timely responded to the plaintiff's discovery demands. Dkt. No. 85. On June 26, 2019, the court received the plaintiff's objection that order, explaining that he had not received some of the discovery, speculating that the "first and second production of documents" had been "lost in transit" when he was placed on observation status, then removed from that status. Dkt. No. 86 at 1.

The following day, the defendant filed a response indicating that she had mailed to the plaintiff another copy of the discovery that the plaintiff claimed was "lost in transit." Dkt. No. 87. The plaintiff filed a reply, dated July 3, 2019, acknowledging that on Jun 27, 2019, he had received the second copy of the discovery. Dkt. No. 88. The reply indicates that the plaintiff wants to "exhaust all interrogatory questions, admission questions, and deposition hearing." Id. He says he needs the additional time to "exhaust his interrogatory, and,

1

admission, as well as deposition rights behind plaintiff finally receiving production of documents" that originally were lost in transit. Id.

In its scheduling order, the court set a deadline of July 22, 2019 for the parties to complete discovery, and a deadline for filing dispositive motions of August 22, 2019. Dkt. No. 70. As of June 27, 2019—the date the plaintiff indicated he'd received the second copy of the discovery—the plaintiff still had twenty-five days to review the discovery he'd received and, if he needed additional information, ask the defendants to provide it. He did not need additional time. It is not the defendant's fault that the first copy of the discovery got "lost in transit," and extending the discovery deadline to allow the plaintiff to ask for more discovery after the defendants provided him a second copy as a courtesy is unfair. The court will overrule the plaintiff's objection to Judge Duffin's order.

The plaintiff also filed two motions, which the court received on July 8, 2019 and July 17, 2019, asking the court to give the plaintiff subpoenas for the depositions of witnesses Yana Pusich and Lt. Wocher. Dkt. Nos. 89, 91. The motions claim that in reviewing the discovery, the plaintiff realized that these witnesses had important information. Id. The motions do not comply with Rule 45—the plaintiff has not explained how he plans to pay for recording the deposition testimony of Pusich and Wocher, see Fed. R. Civ. P. 45(a)(1)(B), and the rule does not allow a plaintiff to force non-parties to submit a declaration, see Fed. R. Civ. P. 45(a)(1)(A)(iii). The plaintiff had the opportunity to ask questions of these two witnesses by serving interrogatories on them under Fed.

2

R. Civ. P. 33; as the court has noted, he had twenty-five days left in the discovery period at the time he received the second copy of the discovery.

While the court declines to extend the discovery deadline, it will extend the dispositive motions deadline to give the plaintiff more time to review the discovery documents he received.

The court **DENIES** the plaintiff's motion for objection to order. Dkt. No. 86.

The court **DENIES** the plaintiff's motions for subpoenas. Dkt. Nos. 89 and 91.

The court **ORDERS** that the dispositive motions deadline is **EXTENDED** to **September 22, 2019**.

Dated in Milwaukee, Wisconsin this 5th day of August, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**